ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR - 3 2009

JAMES N. HATTEN, CLERK
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JIMMY ACCARDI,

Plaintiff,

v.

NATIONAL CREDIT AUDIT CORPORATION, an Illinois corporation, d/b/a NCAC Collections f/k/a Resident Data, Inc., and Resident Data Financial, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:09-CV-0905 -CAM

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant, NATIONAL CREDIT AUDIT CORPORATION is a corporation organized under the laws of the State of Illinois. [Hereinafter, said Defendant is referred to as "NCAC"].

6. NCAC transacts business in Georgia.

7. NCAC operates a call center in Texas which placed calls to a consumer [Plaintiff] in Georgia which provide the basis for this Complaint.

8. NCAC is subject to the jurisdiction and venue of this Court.

9. NCAC may be served by personal service upon its registered agent in the state of Texas, to wit: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201.

10. Alternatively, NCAC may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia, Illinois or Texas.

## FACTS COMMON TO ALL CAUSES

11. NCAC uses the mails in its business.

12. NCAC uses telephone communications in its business.

13. The principle purpose of NCAC's business is the collection of debts.

14. NCAC regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. NCAC is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, NCAC communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act and the Texas Finance Code.

17. In or around March 2009, NCAC left a telephone message for Plaintiff requesting a return call.

18. In the message, NCAC did not provide meaningful disclosure of its identity.

19. In the message, NCAC did not state that the communication was from a debt collector.

20. In the message, NCAC did not state that the communication was an attempt to collect a debt.

21. Defendant's communications violate the Fair Debt Collection Practices Act.

22. Defendant's communications violate the Texas Finance Code.

23. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

25. Defendant's violations of the FDCPA include, but are not limited to, the following:

26. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

27. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

28. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

29. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

**COUNT TWO: TEXAS FINANCE CODE**

30. Defendant's violations of the Texas Finance Code include, but are not limited to, the following:

31. Failing to state in the recorded telephone messages that each of the communications was an attempt to collect a debt and that any information obtained would be used for that purpose in violation of Texas Finance Code, § 392.304(5)(A);

32. Failing to state in the recorded telephone messages that the communication was from a debt collector, in violation of Texas Finance Code, § 392.304(5)(B); and

33. Using any false representation or deceptive means to collect a debt, in violation of the Texas Finance Code, § 392.304(19).

34. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax